IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WELLPET LLC, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| HONEST PAWS, LLC, | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

WellPet LLC (herein referred to as "WellPet" or "Plaintiff"), by and through its attorneys Birnbaum & Godkin, LLP and McNees Wallace & Nurick LLC, for its Complaint against Defendant, Honest Paws, LLC (herein referred to as "Honest Paws" or "Defendant"), avers as follows:

## NATURE AND BASIS OF THE ACTION

1. This is an action brought by WellPet, against Honest Paws under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Massachusetts law for trademark infringement, false designation of origin and unfair competition.  WellPet seeks preliminary and permanent injunctive relief, lost profits, compensatory damages, attorneys' fees, and other relief, relating to Defendant's infringement of WellPet's WELLNESS trademark.

## THE PARTIES

2. Plaintiff, WellPet LLC, is a Delaware limited liability company, with an office at 200 Ames Pond Drive, Tewksbury, Massachusetts 01876.

1

3. Defendant, Honest Paws LLC, upon information and belief, is a Texas limited liability company, with an office at 3027 Marina Bay Drive, Suite 205, League City, Texas 77573.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338 because WellPet's claims for violations of the Lanham Act arise under federal law.

5. This Court has personal jurisdiction over Honest Paws because they are present and doing business in the District of Massachusetts either directly or through their agents and have distributed infringing product to and for sale in the District of Massachusetts.

6. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND
### WellPet's WELLNESS Trademark

7. WellPet is engaged in the business of manufacturing and selling pet food and related products throughout the United States.

8. WellPet is the owner of all right, title, and interest in and to the valid and subsisting United States Trademark Registration No. 2263784 of the WELLNESS mark in Class 31 covering pet food and pet treats and United States Trademark Registration No. 2457978 of the WELLNESS mark in Class 5 covering vitamins for pets, dietary supplements for pets, nutraceuticals for use as a dietary supplement for pets. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and these registrations are incontestable. Trademark Registration Nos. 2263784 and 2457978 are attached hereto as Exhibit A. Pet food, pet treats, dog food, cat food vitamins for pets, dietary supplements for pets and

nutraceuticals for use as a dietary supplement for pets are referred to herein as the "WELLNESS Goods". The WELLNESS Trademark is used in connection with the WELLNESS Goods by WellPet. Attached in <u>Exhibit B</u> are representative examples of WellPet's use of the WELLNESS Trademark in commerce in connection with pet treats and pet products. WellPet advertises and sells the WELLNESS Goods bearing the WELLNESS Trademark throughout the United States at brick-and-mortar and Internet retail stores, where customers can purchase and order WELLNESS-branded products. *See* <u>Exhibit B</u>.

9. Since at least as early as 1988, WellPet has offered and promoted the WELLNESS Goods under the WELLNESS Trademark.

10. WellPet has developed significant goodwill and consumer recognition in WellPet's WELLNESS Trademark through the use of WellPet's WELLNESS Trademark and through the expenditure of time, effort and money in advertising and promoting of WellPet's WELLNESS Goods under WellPet's WELLNESS Trademark.

11. As a result of use and promotion, WellPet's WELLNESS Trademark is a strong mark entitled to a wide degree of protection, and WellPet owns valid and subsisting federal statutory and common law rights to the WELLNESS Trademark.

**Honest Paws' Infringement of the WELLNESS Trademark**

12. Honest Paws is engaged in the manufacturing and distribution of pet food and pet treats.

13. Honest Paws uses WELLNESS as a trademark (the "WELLNESS Mark") on pet products, namely on dog treats and supplements (the "Honest Paws Goods"). *See* <u>Exhibit C</u>.

14. On information and belief, Honest Paws began selling Honest Paws Goods under the WELLNESS Mark in January 2020.

15. Honest Paws advertises and sells the Honest Paws Goods bearing the WELLNESS Mark. *See* Exhibit C.

16. On information and belief, Honest Paws advertises and sells the Honest Paws Goods bearing the WELLNESS Mark nationwide. The Honest Paws Goods are available for purchase by consumers nationwide through outlets which include, but are not limited to, Honest Paws' website. Representative examples of the Honest Paws Goods are attached in Exhibit C.

17. The Honest Paws Goods are available for purchase in retail stores in the Commonwealth of Massachusetts. *See* invoice attached as Exhibit D.

18. The Honest Paws Goods sold under the WELLNESS Mark are identical to or closely related to the WELLNESS Goods sold by WellPet under the WELLNESS Trademark and compete with the WELLNESS Goods sold by WellPet under the WELLNESS Trademark for market share in pet products.

19. The Honest Paws Goods sold under the WELLNESS Mark and the WELLNESS Goods are sold to identical consumers, namely purchasers of pet treats and supplements.

20. The Honest Paws Goods sold under the WELLNESS Mark and the WELLNESS Goods sold by WellPet under the WELLNESS Trademark are sold through the same channels of trade, namely internet retail stores and brick and mortar stores.

21. Honest Paws' use of the WELLNESS Mark is likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that the Honest Paws Goods are produced or authorized by, or are in some manner associated with, WellPet. The likelihood of confusion, mistake and deception engendered by Honest Paws' use of the WELLNESS Mark is causing, and is likely to continue causing, irreparable harm to WellPet.

22. On February 12, 2020, WellPet sent a notice to Honest Paws asserting that Honest Paws' use of the WELLNESS Mark in connection with pet treats infringed WellPet's trademark rights and demanded that Honest Paws cease its use of the WELLNESS Mark.

23. Honest Paws did not cease and desist using, and continues to use, the WELLNESS Mark.  *See* Exhibit C.

## COUNT ONE – TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114

24. Paragraphs 1-23 above are incorporated herein as if set forth in full.

25. This claim is for infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

26. Honest Paws uses in commerce the WELLNESS Mark, which is confusingly similar to WellPet's WELLNESS Trademark in sight, sound, and commercial impression.

27. Honest Paws' use of the WELLNESS Mark in connection with dog treats and supplements has caused, and will further cause, a likelihood of confusion, mistake, and deception as to the approval, sponsorship, license, source, or origin of WellPet's WELLNESS Goods.

28. On information and belief, Honest Paws' acts of trademark infringement have been and, unless enjoined, will be done willfully and deliberately and Honest Paws has profited and been unjustly enriched or, unless enjoined, will profit, and be unjustly enriched thereby.

29. Honest Paws' acts described above have caused injury and damages to WellPet, and have caused and, unless enjoined will cause, irreparable injury to WellPet's goodwill and will continue to cause further irreparable injury, whereby WellPet has no adequate remedy at law.

## COUNT TWO – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

30. Paragraphs 1-29 above are incorporated herein as if set forth in full.

31. This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Honest Paws has engaged and is engaging in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Honest Paws has used and is using the WELLNESS Mark in connection with the advertisement and sale of the Honest Paws Goods. Accordingly, Honest Paws has made and is making false express and implied representations that their goods originate with, are associated with, and/or are endorsed by WellPet in such a manner as to create a likelihood of confusion among Honest Paws' actual and prospective purchasers and others.

34. On information and belief, Honest Paws' acts of false designation of origin and unfair competition have been and, unless enjoined will be, done willfully and deliberately, and Honest Paws has profited and been unjustly enriched and, unless enjoined, will profit, or be unjustly enriched thereby.

35. Honest Paws' acts described above have caused injury and damages to WellPet, and have caused and, unless enjoined, will cause irreparable injury to WellPet's goodwill and reputation, and will continue to cause further irreparable injury, whereby WellPet has no adequate remedy at law.

## COUNT THREE – TRADEMARK INFRINGMENT (MASSACHUSETTS COMMON LAW)

36. Paragraphs 1-35 above are incorporated herein as if set forth in full.

37. Honest Paws is engaged in trade and commerce in the Commonwealth of Massachusetts.

38. WellPet has invested considerable time, effort, and expense developing its WELLNESS Trademark and has developed an excellent reputation and extensive goodwill in the WELLNESS Trademark.

39. Honest Paws' actions as described above regarding the WELLNESS Mark constitute trademark infringement in violation of Massachusetts common law.

40. Honest Paws' use of the WELLNESS Mark has caused and is causing irreparable injury to WellPet for which WellPet has no adequate remedy at law and will continue to do so unless Honest Paws is enjoined by this Court.

41. Honest Paws' use of the WELLNESS Mark has been knowing, willful, wanton, reckless, and in disregard of WellPet's rights.

42. WellPet has suffered and will continue to suffer monetary damages and loss of goodwill.

### COUNT FOUR –UNFAIR AND DECEPTIVE TRADE ACTS/PRACTICES UNDER M.G.L. c. 93A

43. Paragraphs 1-42 above are incorporated herein as if set forth in full.

44. WellPet and Honest Paws are engaged in trade or commerce within the meaning of M.G.L. c. 93A, §11.

45. Honest Paws' use of the WELLNESS Mark is confusingly similar to WellPet's WELLNESS Trademark and constitutes unfair competition in violation of M.G.L. c. 93A.

46. Honest Paws' unlawful conduct took place primarily and substantially in Massachusetts.

47. WellPet has been and will continue to be damaged by Honest Paws' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff WellPet demands that judgment be entered in its favor and against Honest Paws and that the following relief be granted:

    A.    Entry of an order permanently enjoining Honest Paws, and its affiliates, agents, employees, attorneys, and all other persons in active concert or participation with it, all those who receive actual notice by personal service or otherwise:

        i.    from using WellPet's WELLNESS Trademark, or any other trademark confusingly similar to WellPet's WELLNESS Trademark;

        ii.    from using the WELLNESS Mark; and

        iii.    from otherwise competing unfairly with WellPet.

    B.    A declaration that Honest Paws infringed WellPet's WELLNESS Trademark;

    C.    Ordering that Honest Paws be adjudged to have violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) and M.G.L. c. 93A, §11;

    D.    Ordering an accounting of all gains, profits, savings, and advantages realized by Honest Paws from its acts of trademark infringement, false designation of origin and unfair competition, and awarding treble profits pursuant to 15 U.S.C. § 1117(b) on the ground that Honest Paws engaged in its wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

    E.    Awarding such damages as WellPet shall establish in consequence of Honest Paws' aforesaid acts of trademark infringement, unfair competition, and unfair/deceptive trade acts and practices, together with appropriate interest thereon,

including three times the amount found as actual damages by the trier of fact to properly compensate WellPet for its damages, pursuant to 15 U.S.C. §1117(b) and M.G.L. c. 93A;

   F. Ordering Honest Paws to recall from all chains of distribution all goods, product packaging, product displays, promotional materials, advertisements, and other items, the dissemination by Honest Paws of which would violate the injunction herein requested;

   G. Ordering Honest Paws to deliver up for destruction any and all goods, product packaging, product displays, promotional materials, advertisements, and other items in the possession, custody, and control of Honest Paws which if sold, displayed, or used would violate the injunction herein requested, and to disable any display on the internet to the extent such contains content which would violate the injunction herein requested.

   H. Awarding WellPet costs and expenses in this action;

   I. A declaration that this is an exceptional case and an award to WellPet of its reasonable attorneys' fees incurred in prosecuting this action as provided by 15 U.S.C. §1117(a); and

   J. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wellpet, LLC demands a trial by jury on all claims so triable.

Dated:  April 9, 2021	WELLPET LLC,
	By its attorneys,


	*/s/ David S. Godkin*
	David S. Godkin (BBO#196530)
	James E. Kruzer (BBO#670827)
	Birnbaum & Godkin, LLP
	470 Atlantic Avenue, 4th Floor
	Boston, MA 02210
	(617) 307-6100 (Telephone)
	(617) 307-6101 (Facsimile)
	godkin@birnbaumgodkin.com
	kruzer@birnbaumgodkin.com

Of Counsel:

Carol Steinour Young (*pro hac vice* to be filed)
CSteinourYoung@mcneeslaw.com
Lois B. Duquette (*pro hac vice* to be filed)
LDuquette@mcneeslaw.com
Olivia Levine (*pro hac vice* to be filed)
OLevine@mcneeslaw.com
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
(717) 232-8000